# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIMOTHY RAMEEK WILLIAMS,**

        Petitioner,

v.

**Civil Action No.: 3:16-CV-6**
**Criminal Action No. 3:13-CR-33-1**
**(GROH)**

**UNITED STATES OF AMERICA,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 11, 2016, Petitioner Timothy Rameek Williams ("Petitioner" or "Defendant"), acting *pro se,* filed a Motion [ECF No. 291] Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "Petition").[1] On April 1, 2016, the Court entered an Order [ECF No. 295] Directing Respondent to Answer the Petition. On April 25, 2016, Respondent filed a Motion [ECF No. 299] to Dismiss or, in the Alternative, a Motion for Summary Judgment. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the docket of Criminal Action No. 3:13-CR-33.

## II. BACKGROUND

### A. Conviction, Sentence and Appeal

On August 9, 2013, a Criminal Complaint was filed against Petitioner and co-defendant Ashley Marie Seal, charging them with conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 1. Subsequently, on September 4, 2013, a federal grand jury returned a seven-count Indictment against Petitioner and co-defendants Darnell Leon Plaines, Derrick Wayne Wells, Jr., and Ashley Marie Seal. ECF No. 19. In the Indictment, Petitioner was charged with the following six counts:

| | |
|---|---|
| Count One: | Drug Conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. |
| Count Two: | Aiding and Abetting the Maintenance of a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. |
| Count Four: | Aiding and Abetting in Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. |
| Count Five: | Possession of Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). |
| Count Six: | Possession of Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). |
| Count Seven: | Aiding and Abetting in Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. |

Id.

On November 4, 2013, Petitioner signed a written Plea Agreement, professing that he would plead guilty to Count One of the Indictment. ECF No. 68 ¶ 1. In the Plea Agreement, Petitioner agreed to the following stipulations:

> [T]he total drug relevant conduct . . . is at least a . . . **Base Offense Level 26** (at least 28 grams but less than 112 grams of cocaine base). The parties agree to litigate whether additional drug relevant conduct should be attributed to [Defendant]. In addition, the parties hereby stipulate and agree that a **two-level enhancement** . . . is appropriate for the possession of a firearm. Moreover, the parties hereby stipulate and agree that a **two-level enhancement** pursuant . . . for the use of violence. Finally, the parties agree to litigate whether a **two-level enhancement** . . . is appropriate for the maintenance of a premises for the purpose of manufacturing or distributing a controlled substance. The parties understand that . . . the Court is not bound by the above stipulations, and if not accepted by the Court, [Defendant] will not have the right to withdraw his plea of guilty.

Id. ¶ 4 (emphasis in original). Petitioner also agreed to "waive[ ] the right to collaterally attack his sentence[,] including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court determines that defendant's base offense level under the advisory Guidelines is a Level 30 or less." Id. ¶ 11.

On November 12, 2013, a Federal Rule of Criminal Procedure 11 ("Rule 11") plea hearing was held before United States Magistrate Judge James E. Seibert. ECF No. 62. Petitioner was represented during this hearing by Nicholas J. Compton, an Assistant Public Defender. Id. During the hearing, Petitioner testified that he understood the stipulations he was entering into in the following colloquy:

> THE COURT: Do you understand that under a concept known as relevant conduct, the Court can take into account any conduct, circumstances, and injuries relevant to the crimes to which you plead guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand under the terms of the plea agreement you and the Government have stipulated and agreed that the total relevant conduct as determined by the drug quantity table is at least Base Offense Level 26?
>
> THE DEFENDANT: Yes.

>THE COURT: Do you understand that under the terms of the plea agreement, you and the Government have also stipulated and agreed that a two-level enhancement . . . is appropriate for possession of a firearm?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you understand under the terms of the plea agreement[m] you and the Government have also stipulated and agreed that a two-level enhancement . . . is appropriate for the use of violence?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you understand that under the terms of the plea agreement, you and the Government have agreed to litigate whether additional drug relevant conduct should be attributed to you?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you understand [that] under the terms of the plea agreement, you and the Government have agreed to litigate whether an additional two-level sentence enhancement . . . is appropriate for the maintenance of premises for the purposes of manufacturing or distributing a controlled substance?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Do you understand [that] the Court is not bound by these stipulations, and if the Court does not accept the stipulations, you do not have the right to withdraw your guilty plea?
>
>THE DEFENDANT: Yes, I do.

ECF No. 220 at 18-20. Petitioner further testified that he understood his appellate waivers in the following colloquy:

>THE COURT: Do you understand [that] under the terms of the plea agreement, you are giving up the right to appeal the conviction and the right to file a habeas corpus petition if the Court finds your Base Offense Level 30 or less?
>
>THE DEFENDANT: Yes.
>
>. . .

> THE COURT: [E]verybody who is convicted in federal court has the right to file a writ of habeas corpus, and that attacks the sentence and conviction. You're giving up the right to file that writ of habeas corpus if your Base Offense Level is 30 or less. Do you understand that?
>
> THE DEFENDANT: Yes.

Id. at 12-13.

On February 4, 2014, a sentencing hearing for Petitioner's co-defendant, Derrick Wayne Wells, was held before Chief United States District Judge Gina M. Groh. ECF No. 299-4. Like Petitioner, Mr. Wells had entered into a written plea agreement stipulating that the parties would litigate whether a two-level sentence enhancement was appropriate for, *inter alia*, possession of a firearm. Id. At the hearing, the Government called Petitioner as a witness. Id. at 39. When asked about his living arrangements, Petitioner testified that he lived in an apartment by himself and that Mr. Wells had visited the apartment "once before." Id. at 44. The following colloquy then occurred:

> THE COURT: [M]aybe I'm confused here, because I'm going back through this testimony, and it looks as though I heard what I thought I heard. Mr. Wells' name was on the lease agreement, the rental agreement on the lease, but maybe he only stayed there once? Is that correct, or did I misunderstand?
>
> THE DEFENDANT: I never said he stayed there once. I said he may have stayed there once upon a time. He stayed there before. I didn't say he just stayed one time.
>
> THE COURT: Okay. And if he wasn't living there, why was he on the lease and the rental agreement?
>
> THE WITNESS: I have no idea. Same reason I wasn't really staying there, my name was on it.

Id. at 46. After further questioning, Petitioner testified that Mr. Wells lived in the apartment's downstairs bedroom. Id. at 69. Petitioner was also questioned about certain

5

firearms that had been seized from a storage unit to which only Petitioner had the key. Id. at 49. In response to these questions, Petitioner testified that he had rented the storage unit to stash furniture and that he had no knowledge or connection to the firearms. Id. at 49-50.

On March 7, 2014, the United States Probation Office ("USPO") filed a Presentence Investigation Report regarding Petitioner. ECF No. 183. In the report, the USPO found that a two-level sentencing enhancement for the maintenance of a premises for the purpose of manufacturing or distributing a controlled substance was warranted. Id. ¶ 49. The USPO further found that Petitioner did not qualify for an adjustment for acceptance of responsibility due to this testimony at Mr. Wells' sentencing hearing. Id. ¶ 70. The USPO explained that:

> During [Mr. Wells' sentencing] hearing, [D]efendant provided testimony that was inconsistent with the information he disclosed during his debriefing with case agents. Additionally, [D]efendant denied knowledge of controlled substances and firearms that he previously stipulated to in his plea agreement.

Id. Ultimately, the USPO calculated a Base Offense Level of 26 and a Total Offense Level of 32, which resulted in a sentence range of 151 to 188 months. Id. ¶ 51, 132.

On March 6, 2014, a sentencing hearing for Petitioner was held before Judge Groh. ECF No. 181. As an initial matter, Judge Groh noted that Petitioner had filed a written objection to the Presentence Report. ECF No. 221 at 3-5. Specifically, Judge Groh noted that Petitioner objected to the two-level sentencing enhancement for maintenance of a premises for the purpose of manufacturing or distributing a controlled substance. Id. In his objection, Petitioner argued that the distribution of a controlled substance was merely an incidental/collateral use of the residence. Id. at 4-5.

Nevertheless, Judge Groh overruled the objection and accepted the Presentence Report without change. Id. at 6-7. Judge Groh then sentenced Petitioner to 188 months' imprisonment, to be served consecutively to any future state sentence that might be imposed in the two state cases pending against Petitioner. Id. at 20.

On March 17, 2014, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit and requested appointment of counsel. ECF No. 187. On July 16, 2014, Petitioner's appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding that no meritorious issues for appeal existed. App. Doc. 28. However, Petitioner's counsel questioned whether the Court had abused its discretion by ordering that Petitioner's sentence be served consecutively to any future state sentence, instead of an anticipated state sentence. Id. On November 20, 2014, the Fourth Circuit issued a *per curiam* opinion affirming Petitioner's sentence. ECF No. 258. On December 12, 2014, the Fourth Circuit's mandate was issued. ECF No. 266.

In 2015, certain changes were made to the United States Sentencing Guidelines. As a result, on May 4, 2015, Judge Groh *sua sponte* issued an Order Denying a Reduction of Defendant's Sentence, in which she determined that the changes to the Sentencing Guidelines would not have changed Petitioner's ultimate sentence. ECF No. 282. Because Petitioner did not file a second appeal, his sentence became final on March 12, 2015.

## III. DISCUSSION

### A. Petitioner's Grounds for Relief

In the Petition, Petitioner raises four grounds for relief. ECF No. 291. First, Petitioner argues that he is entitled to a three-level sentence reduction for timely executing the Plea Agreement and for accepting responsibility for his actions. Id. at 5. Second, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when he was not made aware that enhancements would be applied to his sentence. Id. at 6. Third, Petitioner argues his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to object to the enhancements. Id. at 8. Finally, Petitioner argues that the District Court abused its discretion for enhancing his sentence "for state charges that were pending and ultimately dismissed." Id. at 9-10.

### B. Analysis of the Petition

#### 1. Whether Petitioner's Grounds for Relief are Barred

As an initial matter, the undersigned notes that Petitioner failed to raise the arguments contained in the Petition in his direct appeal. Generally, "issues that could have been raised on direct appeal, but were not, [are deemed procedurally defaulted and] may not be later raised in a collateral attack such as a § 2255 motion." Stevenson v. United States, 594 F. Supp. 2d 695, 701 (N.D. W. Va. 2009). However, Respondent does not argue that Petitioner's grounds for relief have procedurally defaulted. Therefore, the undersigned will assume that Petitioner's grounds for relief have not defaulted and will address them accordingly.

Specifically, the undersigned will examine whether any of Petitioner's grounds for relief are barred by waiver. The Fourth Circuit has held that a defendant may waive his right to collaterally attack his conviction or sentence in a habeas corpus petition filed pursuant to 28 U.S.C. § 2255, so long as the waiver is entered into knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). When determining whether a waiver was entered into knowingly and voluntarily, courts typically look to the "adequacy of the plea colloquy" and "whether the district court questioned the defendant about the appeal waiver." Harper v. United States, 661 F. Supp. 2d 587, 597 (N.D.W. Va. 2009) (quoting United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005)). However, the ultimate determination must "depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Id. The extent of a waiver of collateral appellate rights is limited to contentions that attack the defendant's sentence or conviction and include claims of ineffective assistance of counsel, if "the facts giving rise to the claims occurred prior to the defendant entering his guilty plea." Harris v. United States, 629 F. Supp. 2d 563, 572 (N.D.W. Va. 2009).

In the present case, the undersigned finds that Petitioner waived certain collateral appellate rights. In the written Plea Agreement, Petitioner pledged to "waive[ ] the right to collaterally attack his sentence[,] including but not limited to a motion brought under Title 28, United States Code, Section 2255, [so long as] the Court determine[d] that [his] base offense level under the advisory Guidelines is a Level 30 or less." ECF No. 68 ¶ 11. Because Judge Groh accepted the Presentence Report dated

March 7, 2014, without change, which calculated Petitioner's Base Offense Level as 26, Petitioner's waiver has taken effect. ECF No. 185 at 1.

The undersigned further finds that Petitioner's waiver was entered into knowingly and voluntarily. At the time of the waiver, Petitioner was twenty-four years old and possessed an eleventh grade education. ECF No. 220 at 4. He had never been treated for a mental illness or an addiction to narcotic drugs of alcohol. Id. During his plea hearing, he testified that he understood his waiver in the following colloquy:

> THE COURT: Do you understand [that] under the terms of the plea agreement, you are giving up the right to appeal the conviction and the right to file a habeas corpus petition if the Court finds your Base Offense Level 30 or less?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: [E]verybody who is convicted in federal court has the right to file a writ of habeas corpus, and that attacks the sentence and conviction. You're giving up the right to file that writ of habeas corpus if your Base Offense Level is 30 or less. Do you understand that?
>
> THE DEFENDANT: Yes.

Id. at 12-13. At the conclusion of his plea hearing, Petitioner was deemed competent and to have "full knowledge and understanding of the consequences of [his] plea." Id. at 28. He was also deemed to have entered the plea, and therefore the waiver contained in the plea, freely and voluntarily. Id. Therefore, the totality of the circumstances clearly shows that Petitioner's waiver is valid.

The remaining issue is the scope of Petitioner's waiver. Respondent does not argue that Petitioner's second and third grounds for relief are barred by waiver. Therefore, the undersigned will assume that Petitioner's second and third grounds are

not barred. Respondent does, however, challenge Petitioner's first and fourth grounds for relief. ECF No. 299-1 at 21-22. Petitioner's first and fourth grounds for relief, in which Petitioner argues that his sentence should have been reduced three levels and should not have been enhanced due to his pending state charges, directly attack his sentence. ECF No. 291 at 5, 9-10. As a result, the undersigned finds that Petitioner's first and fourth grounds for relief are barred by his waiver. Nevertheless, for the sake of full and fair consideration of the Petition, the undersigned will examine the merits of each of Petitioner's grounds for relief in turn.

## 2. The Merits of Petitioner's Grounds for Relief

### a. Ground One: Acceptance of Responsibility

For his first ground for relief, Petitioner contends that he is entitled to a three-level sentence reduction for timely executing the Plea Agreement and for accepting responsibility for his actions. ECF No. 291 at 5. Respondent contends that Petitioner did not receive the three-level reduction because he provided testimony at Mr. Wells' sentencing hearing that was inconsistent with information he either previously disclosed or stipulated to in his plea agreement. ECF No. 299 at 22.

The undersigned finds that Petitioner is not entitled to the three-level reduction for acceptance of responsibility. The United States Sentencing Guidelines provide that:

> In determining whether a defendant qualifies [for the three-level acceptance of responsibility reduction], appropriate considerations include, but are not limited to, the following: truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable . . . .

U.S.S.G. § 3E1.1, Application Note 1(A). In the present case, Petitioner was found to have been untruthful regarding his conduct comprising his conviction offense and of

11

falsely denying additional relevant conduct for which he is accountable. Specifically, Petitioner's Presentence Report disclosed that:

> During [Mr. Wells' sentencing] hearing, [D]efendant provided testimony that was inconsistent with the information he disclosed during his debriefing with case agents.[2] Additionally, [D]efendant denied knowledge of controlled substances and firearms that he previously stipulated to in his plea agreement.[3]

ECF No. 183 ¶ 70. During Petitioner's sentencing hearing, Judge Groh agreed with the Presentence Report, stating that Petitioner "kind of hedged the truth" during Mr. Well's sentencing hearing and was not "spot on" when answering her direct questions. ECF No. 221 at 13. Because a thorough review of the record verifies the conclusions drawn in the Presentence Report and by Judge Groh, Petitioner cannot show that is entitled to a three-level acceptance of responsibility reduction. Therefore, Petitioner's first ground for relief is without merit and should be denied.

### b. Grounds Two and Three: Ineffective Assistance of Counsel

Petitioner raises two ineffective assistance of counsel claims. For his second ground for relief, Petitioner argues that his counsel provided ineffective assistance by failing to inform him prior to his sentencing hearing that certain enhancements would be applied to his sentence. ECF No. 291 at 6. For his third ground for relief, Petitioner argues that his counsel provided ineffective assistance by failing to object to the

---

[2] To provide an example, Petitioner initially informed case agents that Mr. Wells lived in the second floor bedroom of his apartment but later testified that Mr. Wells had only been in the apartment "once before," before changing his testimony again and stating that Mr. Wells lived in the downstairs bedroom.

[3] To elaborate, at Mr. Wells' sentencing hearing, Petitioner denied any connection to or knowledge of the weapons found in a storage unit to which only he had the key and the cocaine found in his apartment, even though he stipulated to a firearm enhancement and to possessing "at least 28 grams but less than 112 grams of cocaine base" in his Plea Agreement.

12

enhancements. Id. at 8. Respondent counters by arguing that Petitioner fails to meet his burden of proving ineffective assistance of counsel. ECF No. 299 at 23-24.

The United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688. In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687 However, a reviewing court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. A defendant who alleges ineffective

13

assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). If a defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong, and vice versa. Strickland, 466 U.S. at 670.

In the present case, the undersigned finds that Petitioner's second ground for relief fails to satisfy the Strickland two-pronged test. Specifically, Petitioner fails to satisfy the "performance" prong of the test. Petitioner's Plea Agreement contains stipulations to the use of violence and firearm enhancements. Further, it states that the parties agreed to litigate whether a maintenance enhancement was warranted. During his plea hearing, Petitioner testified that he understood these stipulations and how they could affect his sentence and was found to understand the consequences of his guilty plea. See ECF No. 220 at 7-8, 19-20. Moreover, Judge Groh determined during Petitioner's sentencing hearing that Petitioner had reviewed with counsel the Presentence Report, which details the above enhancements. ECF No. 221 at 3. Because Petitioner is unable to satisfy the "performance" prong, the undersigned will not examine the "prejudice" prong of the Strickland test.

The undersigned finds that Petitioner's third ground for relief also fails to satisfy the Strickland two-pronged test. Specifically, Petitioner again fails to satisfy the "performance" prong of the test. Three enhancements were applied to Petitioner's sentence. Regarding the first two enhancements, for possession of a firearm and the use of violence, Petitioner stipulated in his written Plea Agreement that the

enhancements applied. Therefore, an objection by counsel to these stipulated enhancements would have been inappropriate. Regarding the third enhancement, for the maintenance of a premises for the purpose of manufacturing or distributing a controlled substance, Petitioner stipulated in his written Plea Agreement that he would litigate whether the enhancement was appropriate. Petitioner's counsel then, despite Petitioner's contentions, objected to the application of this enhancement both prior to and during Petitioner's sentencing hearing. Because Petitioner is unable to satisfy the "performance" prong, the undersigned will not examine the "prejudice" prong of the Strickland test. Consequently, Petitioner's second and third grounds for relief are without merit and should be denied.

### c. Ground Four: Abuse of Discretion

Finally, for his fourth ground for relief, Petitioner contends that the Court abused its discretion when it enhanced his sentence "for state charges that were pending and ultimately dismissed." ECF No. 291. To the extent that Petitioner is contesting his two-level enhancement for the use of violence, the undersigned finds that the Court did not abuse its discretion in applying the enhancement to Petitioner's sentence. At the time of his sentencing, Petitioner had a state charge pending against him for a "retaliatory shooting" that Petitioner had committed along with the other actions comprising the conviction offense. ECF No. 183 at 16. The Court then used this retaliatory shooting as the basis for Petitioner's use of violence enhancement.[4] ECF No. 183 at 17. However, Petitioner stipulated to the use of violence enhancement in his written Plea Agreement

---

[4] In return for stipulating to the use of violence enhancement, the Berkeley County prosecutor agreed to not pursue murder charges against Petitioner. ECF No. 299-1 at 17.

and was found to understand the enhancement and the ways it could potentially affect his sentence during his plea hearing. Therefore, this argument is without merit.

Alternatively, at the time of Petitioner's sentencing, two state cases were pending against Petitioner, although the cases have since been dismissed. ECF No. 299-1 at 24-25. Therefore, to the extent that Petitioner is contesting the Court's order that his federal sentence run consecutively to any potential state sentence in his pending state cases, the undersigned again finds that the Court did not abuse its discretion. Federal sentencing judges possess great discretion when determining whether the sentences they impose will run concurrently or consecutively to any other sentence, including a sentence already imposed or that could potentially be imposed in a state proceeding. Setser v. United States, 132 S.Ct. 1463, 1468 (2012). Thus, the Court possessed the authority to order that Petitioner's federal sentence run consecutively to a future state sentence. The fact that the state charges were dismissed is immaterial and does not amount to an abuse of discretion.[5] Consequently, Petitioner's fourth ground for relief is without merit and should be denied.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, I **RECOMMEND** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 291] be **DENIED** and that the § 2255 proceeding be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying

---

[5] Furthermore, the undersigned notes that the two state cases pending against Petitioner were dismissed and that, therefore, no sentence exists to which Petitioner's federal sentence may run consecutively. As a result, this argument is moot.

16

those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address on the docket sheet, and to counsel of record, as applicable.

Respectfully submitted this 5th day of July, 2016.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE