**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TIMOTHY RAMEEK WILLIAMS,**

      Petitioner,

**v.**                            **CIVIL ACTION NO.: 3:16-CV-6
CRIMINAL ACTION NO.: 3:13-CR-33-1
(GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. Magistrate Judge Trumble issued his R&R on July 5, 2016. ECF No. 300.[1] In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 291] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

---

[1] All references to CM/ECF docket numbers herein refer to Criminal Action No. 3:13-CR-33-1.

party's right to appeal a court's order.  28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d

1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Trumble's R&R were due within fourteen

plus three days of the Petitioner being served with a copy of the same.  <u>See</u> 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(d).  A tracking receipt obtained from the

U.S. Postal Service's website indicates that the R&R was delivered on July 8, 2016, at

Federal Correctional Institution, Gilmer, in Glenville, West Virginia, where the Petitioner is

presently incarcerated.  As of the date of this Order, the Court has not received any

objections to the R&R.  Therefore, after allowing for an appropriate amount of time to

ensure personal receipt and to compensate for postal delays, the Court finds that the

deadline for the Petitioner to submit objections to the R&R has passed.  Accordingly, this

Court has reviewed the R&R for clear error.

Upon careful consideration of the record, the parties' filings and the R&R, the Court

finds no clear error.  In his § 2255 motion, the Petitioner attacks his sentence on multiple

fronts.  He argues that he is entitled to a three-level reduction under the U.S. Sentencing

Guidelines, which he did not receive; that his counsel was ineffective throughout the trial

and appellate process; and that the sentencing court abused its discretion in enhancing his

federal sentence in light of conduct relevant to certain state-level offenses.  In the R&R,

Magistrate Judge Trumble conducted a thorough analysis of each of the Petitioner's claims

for relief.  The magistrate judge found that the Petitioner's first and fourth grounds for relief

were waived by the valid collateral attack waiver contained in the Petitioner's executed plea

agreement.  The magistrate judge then reviewed each of the Petitioner's four grounds for

relief on the merits, ultimately concluding that the Petitioner's sentence was appropriate

and that the Petitioner could not show that his counsel's representation was ineffective.

For the foregoing reasons, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5 in Civil Action No. 3:16-CV-6; ECF No. 300 in Criminal Action No. 3:13-CR-33-1] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 1 in Civil Action No. 3:16-CV-6; ECF No. 291 in Criminal Action No. 3:13-CR-33-1] is **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address.

**DATED:** August 18, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE